UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:05-MJ-203-1

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | MOTION TO DISMISS |
| | : | |
| KATHRYN COLLINS | : | |

NOW COMES, the Defendant, KATHRYN COLLINS, by and through her undersigned Counsel, moving this Court for an order dismissing all of the charges against her on the grounds that the prosecution of said charges violates her rights under the Fifth Amendment of the United States Constitution.

In furtherance of this motion, counsel for the Defendant submits the attached Affidavits, Exhibits, and Memorandum of Law.

Respectfully submitted, this the _10th_ day of _November_, 2006.

BY:  Anderson & Anderson Attorneys, L.L.P

_____
A. Griffin Anderson
NC State Bar No. 22982
21 N. Front St., Suite 204
Wilmington, NC 28401
Phone 910.815.0555
Fax 910.763.6600

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:05-MJ-203-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | AFFIDAVIT OF COUNSEL |
| | : | |
| KATHRYN COLLINS | : | |

I, A. Griffin Anderson, counsel for the Defendant, Kathryn Collins, hereby swear and affirm the following, based on information and belief:

1. The Defendant has been charged in the United States District Court, by Criminal Information filed October 21, 2005, in Count One with While Impaired, in violation of North Carolina General Statute 20-138.1 as assimilated by Title 18, United States Code § 13, in Count Two with Reckless Driving in violation of North Carolina General Statute 20-140(b) as assimilated by Title 18, United States Code § 13, and in Count Three of Open Alcoholic Beverage in Vehicle, in violation of North Carolina General Statute 20-138.7 as assimilated by Title 18, United States Code § 13.

2. The charges arise out of conduct of the Defendant in operating a 1999 Toyota 4-Runner on the Marine Corps base at Camp Lejeune, NC on August 21, 2005.

3. On August 21, 2005 MP Sgt. Guy made contact with the Defendant. (See Exhibit 1, Incident Report).

4. Based on the observations of MP Sgt. Guy and other military personnel, military personnel issued to the Defendant the following:

    i. DD Form 1408 Traffic Citation #N15593101 for Driving While Impaired and Reckless Driving. (See Exhibit , Incident Report and

3

Exhibit , Armed Forces Traffic Tickets).

    ii. DD Form 1408 Traffic Citation #N15593102 for Fleeing or Attempting to Elude Military Police and Open Alcoholic Beverage in Vehicle. (See Exhibit 1, Incident Report and Exhibit 2, Armed Forces Traffic Tickets).

    iii. DD Form 1805 #N219578 for NCGS 20-138.1 (Impaired Driving). (See Exhibit 1, Incident Report and Exhibit 5, United States District Court Violation Notices).

    iv. DD Form 1805 #N219579 for NCGS 20-140 (Reckless Operation). (See Exhibit 1, Incident Report and Exhibit 5United States District Court Violation Notices).

    v. DD Form 1805 #N219580 for NCGS 20-138.7 (Transporting an Open Container of Alcoholic Beverage). (See Exhibit 1, Incident Report and Exhibit 5, United States District Court Violation Notices).

    vi. DD Form 1805 #N219581 for NCGS 20-141.5 (Speeding to Elude Arrest). (See Exhibit 1, Incident Report and Exhibit 5 United States District Court Violation Notices).

    vii. A Temporary Letter of Suspension. (As of November 10, 2006 copy not provided to Defendant.) (See Exhibit 1, Incident Report).

5. The Defendant was given a Court Date of August 22, 2005 for the two DD Form 1408 Armed Forces Traffic Tickets.

6. The Defendant was released to her father, Mr. James H. Collins.

7. The Defendant's father and stepmother moved the Defendant's vehicle from the base.

8. On August 22, 2005 at approximately 0730 the Defendant drove to the main gate at Camp Lejeune.

9. The Defendant presented her license and told the military personnel she was on

4

her way to Court.

10. The military personnel issued a pass.

11. The Defendant drove to Court. At approximately 0900 the U.S. Magistrate arrived. At Court the Defendant was taken into a room in which she sat with a Federal Magistrate and a military MP.

12. The Magistrate read all four charges to the Defendant.

13. The Magistrate asked if the Defendant plead guilty to all charges.

14. The Defendant responded to the Magistrate's arraignment by stating that she would concede all charges except Eluding.

15. The Court entered pleas of Guilty to violations 004, 011, 029, and Not Guilty to Violation 018. (See Exhibit 3, Traffic Court Action Sheet).

16. Violations 010, 011, 018, and 029 are listed and identified on the Armed Forces Traffic Ticket issued to the Defendant, Violation 004 is not. (See Exhibit 2, Armed Forces Traffic Ticket, and Exhibit 3, Traffic Court Action Sheet).

17. After finding the Defendant Guilty of all four Charges, the Magistrate consulted a book, added possible revocation periods for each of the four offenses together, and adjudicated that the Defendant received a Thirty (30) Month Revocation to begin August 22, 2005 and end February 2007. (See Exhibit 3, Traffic Court Action Sheet).

18. After adjudication, the Magistrate handed to the Defendant a letter, which the Defendant signed to acknowledge receipt, that informed the Defendant:

    i. The Defendant's driving privilege was revoked on all "federal installations."

    ii. The Defendant was not authorized to operate any motor vehicle during her suspension period.

    iii. The Defendant was eligible to apply for reinstatement of driving

privileges after February 22, 2007.

    iv. The Defendant had the right to appeal her revocation.

    v. Failure to comply would result in referral for prosecution.

    vi. That all DWI convictions are reported to the North Carolina Department of Motor Vehicles.

(See Exhibit 4, USMC Letter)

19. The Letter to Defendant following findings of Guilt does not state that the revocation is civil in nature.

20. The Letter to Defendant following findings of Guilt does not state that the revocation is for the purposes of safety.

21. The Letter to Defendant following findings of Guilt does not limit the revocation to Camp Lejeune, but in fact, revokes privileges on all "federal installations."

22. The Letter to Defendant following findings of Guilt revokes entirely the Defendant's authorization to drive a motor vehicle during the thirty (30) month revocation period.

23. The Magistrate asked the Defendant how she got to Court. When the Defendant responded that she had no other way to get to Court then to drive, the Magistrate ordered that the Defendant surrender her pass to the MP, but told her to take the most direct way off base and not get stopped for any violation.

24. The Defendant drove the most direct way off base.

25. Based on the Four United States District Court Violation Notices served on the Defendant by military personnel, the Defendant appeared in the United States District Court for the Eastern District of North Carolina, Southern Division with undersigned Counsel as representation.

26. On October 21, 2005, the United States Attorney, through Captain Frederick A.

6

Congdon, Special Assistant U. S. Attorney, filed a Three Count Criminal Information charging the defendant in Count One with While Impaired, in violation of North Carolina General Statute 20-138.1 as assimilated by Title 18, United States Code § 13, in Count Two with Reckless Driving in violation of North Carolina General Statute 20-140(b) as assimilated by Title 18, United States Code § 13, and in Count Three of Open Alcoholic Beverage in Vehicle, in violation of North Carolina General Statute 20-138.7 as assimilated by Title 18, United States Code § 13.

27. On September 14, 2005, the Defendant received notification from the North Carolina Division of Motor Vehicles that her driver's license was going to be suspended on September 24, 2005 for a period of one year.

28. The Defendant requested a hearing with the North Carolina Division of Motor Vehicles in order to contest the revocation of her license.

29. On October 4, 2005, a hearing was held in front of the Division of Motor Vehicles Hearing Officer Golden, in New Bern, North Carolina. It was determined that the Defendant's driver's license would be revoked by the State of North Carolina for period of one year beginning on October 15, 2005.

A. Griffin Anderson
Attorney for Defendant

I, Whitney Reynolds, a Notary Public for New Hanover County, North Carolina, hereby certify that A. Griffin Anderson, personally appeared before me and acknowledged the due execution of the foregoing instrument for the purposes therein expressed.

Witness my hand and seal this the 10 day of November, 2006.

Whitney D. Reynolds
Notary Public

My commission expires: 9-11-2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:05-MJ-203-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | AFFIDAVIT OF DEFENDANT |
| | : | |
| KATHRYN COLLINS | : | |

I, Kathryn Collins, Defendant, hereby swear and affirm the following:

1. I have been charged in the United States District Court, by Criminal Information filed October 21, 2005, in Count One with While Impaired, in violation of North Carolina General Statute 20-138.1 as assimilated by Title 18, United States Code § 13, in Count Two with Reckless Driving in violation of North Carolina General Statute 20-140(b) as assimilated by Title 18, United States Code § 13, and in Count Three of Open Alcoholic Beverage in Vehicle, in violation of North Carolina General Statute 20-138.7 as assimilated by Title 18, United States Code § been charged in the United States District Court with Driving While Impaired, in violation of North Carolina General Statute 20-138.1 as assimilated by Title 18, United States Code § 13.

2. The charges arise out of conduct while operating a 1999 Toyota 4-Runner on the Marine Corps Base at Camp Lejeune, NC on August 21, 2005.

3. I was arrested and detained at the Provost Marshal's Office on August 21, 2005 at approximately 0027.

4. On August 21, 2005 U. S. Military Personnel issued to me the following:

    i. DD Form 1408 Traffic Citation #N15593101 for Driving While Impaired and Reckless Driving.

8

  ii. DD Form 1408 Traffic Citation #N15593102 for Fleeing or Attempting to Elude Military Police and Open Alcoholic Beverage in Vehicle.

  iii. DD Form 1805 #N219578 for NCGS 20-138.1 (Impaired Driving.)

  iv. DD Form 1805 #N219579 for NCGS 20-140 (Reckless Operation).

  v. DD Form 1805 #N219580 for NCGS 20-138.7 (Transporting an Open Container of Alcoholic Beverage).

  vi. DD Form 1805 #N219581 for NCGS 20-141.5 (Speeding to Elude Arrest).

5. At approximately 0300, I was released into the custody of my father.

6. My father and step-mother moved my vehicle from the base.

7. On August 22, 2005 at approximately 0730, I arrived at a Camp Lejeune gate driving the same vehicle I was driving at the time of my arrest.

8. The military personnel at the gate checked my drivers license in the computer and issued a pass after I told them I was going to Court.

9. I proceeded to Court based on the pass that had been issued.

10. At approximately 0900, the Magistrate arrived and hearings began.

11. I was taken into a room with the Magistrate and a Military Police Officer.

12. The Magistrate read the charges against me, asked what happened, and read the officers' narratives.

13. The Magistrate asked if I plead guilty to all charges.

14. I entered a plea of guilty to the Driving While Impaired, Reckless Driving and Open Alcoholic Beverage charges and plead not guilty to the charge of Fleeing or Attempting to Elude.

15. After finding me Guilty of all four Charges, the Magistrate consulted a book, added possible revocation periods for each of the four offenses together, and

told me I had a Thirty Month Revocation to begin August 22, 2005 and end February 2007.

16. After telling me what I had received the Magistrate handed me a letter, which I signed, that informed me:

    vii. My driving privilege was revoked on all "federal installations."

    viii. I was not authorized to operate any motor vehicle during my suspension period.

    ix. I was eligible to apply for reinstatement of driving privileges after February 22, 2007.

    x. I had the right to appeal my revocation.

    xi. Failure to comply would result in referral for prosecution.

    xii. That all DWI convictions are reported to the North Carolina Department of Motor Vehicles.

30. The Magistrate asked me how I got to Court. I told the Magistrate I drove, because I had no other way to get to court. The Magistrate ordered that I surrender my pass to the MP, who tore up my pass. When I aked how I was supposed to get off base, the Magistrate told me to take the most direct route off base and not to get stopped for any violations.

17. I left Court and drove the most direct route off base.

18. On September 14, 2005, I received notification from the North Carolina Division of Motor Vehicles that my driver's license was going to be suspended on September 24, 2005 for a period of one year.

19. I requested a hearing with the North Carolina Division of Motor Vehicles in order to contest the revocation of my license.

10

20. On October 4, 2005, a hearing was held in front of the Division of Motor Vehicles Hearing Officer Golden, in New Bern, North Carolina. It was determined that my driver's license would be revoked by the State of North Carolina for period of one year beginning on October 15, 2005.

*Kathryn Collins*
Defendant

I, Whtiney Reynolds, a Notary Public for New Hanover County, North Carolina, do hereby certify that Kathryn Collins personally appeared before me and acknowledged the due execution of the foregoing instrument for the purposes therein expressed.

Witness my hand and seal this the 10 day of November, 2006.

*Whitney D. Reynolds*
Notary Public

My commission expires: 9-11-2016

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:05-MJ-203-1

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | MEMORANDUM IN SUPPORT |
| | : | OF DEFENDANT'S |
| | : | MOTION TO DISMISS |
| | : | |
| KATHRYN COLLINS | : | |

NOW COMES the Defendant, Kathryn Collins, by and through her undersigned counsel, A. Griffin Anderson, in support of her Motion to Dismiss and states the following:

I. Factual Background

1. On August 21, 2005, the Defendant was operating a 1999 Toyota 4-Runner on Holcomb Boulevard at approximately 0022 hours.

2. The Defendant was pulled over in a traffic stop by Military Police, Sargeant Adam Guy.

3. At approximately 0027, the Defendant was detained and transported to the Provost Marshal Office.

4. The Defendant was advised of her Implied Consent Rights by Military Police, Corporal Hassell.

5. The Defendant acknowledged her rights and consented to a chemical analysis of her breath.

6. After administration of the chemical analysis, the Defendant was charged with Driving While Impaired according to North Carolina General Statutes and Base

12

Regulations.

7. The Defendant was issued an Armed Forces Traffic Citation No. N15593101 for Driving While Impaired and Reckless Driving and Traffic Citation No. N15593102 for Fleeing or Attempting to Elude Military Police and Open Alcoholic Beverage in Vehicle. A court date of August 22, 2005 was set for these matters. A Temporary Letter of Suspension was also issued.

8. At approximately 0300 the Defendant was released to her father.

9. On August 22, 2005 the Defendant was found guilty, in Camp Lejeune Traffic Court, of Driving While Impaired, Reckless Driving, Fleeing or Attempting to Elude Military Police and Open Alcoholic Beverage in Vehicle.

10. As a result of the Defendant's conviction of Driving While Impaired on August 22, 2005, the Defendant's driving privileges were suspended for a term of 30 months on all Federal Military bases.

11. By letter dated September 14, 2005, the North Carolina Department of Transportation, Division of Motor Vehicles issued a Notice of Suspension to the Defendant in accordance with North Carolina General Statutes Section 20-16(a)(8b) and Section 20-19(c) for Driving While Impaired – Military Court. The suspension was to be effective from September 24, 2005 until September 24, 2006.

12. The Defendant requested a hearing regarding the revocation, which was held on October 4, 2005 in front of Hearing Officer Golden, in New Bern, North Carolina. Officer Golden upheld the revocation and the revocation went into effect on October 15, 2005 and expired on October 15, 2006.

II. <u>Grounds for Dismissal</u>

A. PROSECUTING THE DEFENDANT FOR THE OFFENSES OF DRIVING WHILE IMPAIRED, RECKLESS DRIVING, AND OPEN CONTAINER IN A UNITED STATES DISTRICT COURT, AFTER FACING THE SAME CHARGES, BASED ON THE SAME NECESSARY EVIDENCE IN A MILITARY COURT, IS UNCONSTITUTIONAL IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

B. PROSECUTING THE DEFENDANT FOR THE OFFENSES OF DRIVING WHILE IMPAIRED, RECKLESS DRIVING, AND OPEN CONTAINER IN A UNITED STATES DISTRICT COURT, AFTER HAVING RECEIVED A THIRTY (30) MONTH REVOCATION OF DRIVING PRIVILGES FROM THE UNITED STATES FOR THE SAME OFFENSES IS UNCONSTITUTIONAL IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

III. <u>Legal Argument</u>

A. Prosecuting the defendant for the offenses of driving while impaired, reckless driving, and open container in a United States District Court, after facing the same charges , based on the same necessary evidence in a military court, is unconstitutional in violation of the double jeopardy clause of the Fifth Amendment of the United States Constitution.

The Double Jeopardy Clause of the fifth amendment contains two components: 1) Protection against the imposition of cumulative punishments for the "same offense," and 2) protection against successive prosecutions.

In this case, the Defendant is brought before a U.S. District Court to face charges of Driving While Impaired, Reckless Driving, and Open Container. Previously, on August 22, 2005, the Defendant was cited to a U.S. court at Camp Lejeune, was brought before a magistrate and MP, entered pleas of Not Guilty to Driving While Impaired, Reckless Driving, Open Container, and Fleeing to Elude based on the same conduct. The same evidence was, and is, necessary in both cases for the U.S. to prove their case. The Defendant was Found Guilty by

14

a U.S. magistrate of Driving While Impaired, Reckless Driving, and Open Container on August 22, 2005, the same three charges the Defendant now faces in U.S. District Court.

Where, on the other hand, the plea is against successive prosecutions, double jeopardy serves the additional purpose of providing criminal defendants with a measure of finality and repose. In this aspect, double jeopardy guarantees that an accused who has once stood the ordeal of criminal prosecution through to judgment—whether of conviction or acquittal—shall not be required to "run the gauntlet" of trial again for the same alleged misconduct. Given the multiplicity of offenses that may arise from a single criminal transaction, the formalistic *Blockburger* test, with it s narrow focus on the technical elements of the offenses charged, is inadequate to vindicate this constitutional guarantee against retrial. The general test for determining whether successive prosecutions involve the "same offense" is therefore a more flexible and pragmatic one, which focuses not on the formal elements of the two offenses but rather on the proof actually utilized to establish them. Under this "same evidence" test, the second prosecution is barred by double jeopardy if the evidence actually used to prosecute the first offense would suffice to convict of the second offense. *United States v. Ragins*, 840 F.2d 1184 (1988).

Under the Fourth Circuits rationale in *Ragins* the Defendant in this case faces a "run of the gauntlet" again for the same offenses that require the same proof.

Double Jeopardy guarantees that an accused who has once stood the ordeal of criminal prosecution through to judgment, whether conviction or acquittal, shall not be required to "run the gauntlet" of trial again for the same alleged misconduct. *Ragins v. US* 840 F.2d 1184, 1188 (1987).

The general test for determining whether successive prosecutions involve the "Same Offense Test" which is more flexible than the *"Blockburger Test"*. This test focuses not on the formal elements of the two offenses but rather on the proof actually used to establish them. *Id.* Under the "Same Offense Test", the second prosecution is barred by Double

15

Jeopardy if the evidence actually used to prosecute the first offense would suffice to convict the second offense as charged. *Id.*

In this case the Defendant, was pulled over in a traffic stop by Military Police, Sargeant Adam Guy. The Defendant was detained and transported to the Provost Marshal Office and was advised of her Implied Consent Rights by Military Police, Corporal Hassell. The Defendant acknowledged her rights and consented to a chemical analysis of her breath. After administration of the chemical analysis, the Defendant was charged with Driving While Impaired according to North Carolina General Statutes and Base Regulations. The Defendant was issued citations for Driving While Impaired, Reckless Driving, Fleeing or Attempting to Elude Military Police and Open Alcoholic Beverage in Vehicle. A court date of August 22, 2005 was set for these matters. A Temporary Letter of Suspension was also issued. On August 22, 2005 the Defendant was found guilty, in Camp Lejeune Traffic Court, of Driving While Impaired, Reckless Driving, Fleeing or Attempting to Elude Military Police and Open Alcoholic Beverage in Vehicle. As a result of the Defendant's conviction of Driving While Impaired on August 22, 2005, the Defendant's driving privileges were suspended for a term of 30 months on all Federal Military bases. By letter dated September 14, 2005, the North Carolina Department of Transportation, Division of Motor Vehicles issued a Notice of Suspension to the Defendant for a period of one year.

The above evidence which was used in Military Court would be the same evidence used in prosecution of the Defendant in United States District Court. According to "*Ragens* Same Offense Test", the second prosecution is barred by Double Jeopardy if the evidence actually used to prosecute the first offense would suffice to convict the second offense as charged. *Ragens supra* at 1188. Double Jeopardy guarantees that an accused who has once stood the ordeal of criminal prosecution through to judgment, whether of conviction or acquittal, shall not be required to "run the gauntlet" of trial again for the same alleged misconduct. *Id.*

    B. Prosecuting the defendant for the offenses of driving while impaired, reckless driving, and open container in a United States District Court, after having received

16

a thirty (30) month revocation of driving privileges from the United States for the same offenses is unconstitutional in violation of the double jeopardy clause of the fifth amendment of the United States Constitution.

To make a determination under the component of the Double Jeopardy Clause, whether a defendant has been subjected to multiple criminal punishments for the same offense, a court must first distinguish among the penalties imposed and determine which are civil and which are criminal. *State v. Evans*, 145 N.C. App. 324, 327, 550 S.E. 2d 853 (2001). The determination of whether a penalty is criminal or civil is, initially, a matter of statutory construction. *Hudson v. US,* 522 U.S. 93, 99, 118 S. Ct. 488, 139 L.Ed. 2d 450 (1997). A court will give deference to legislature's statutory labeling of a penalty, however, that label is not presumptive. *Id.* Even when a label exists, the court must still inquire as to whether the statutory scheme is so punitive as to transform what is labeled "civil" into "criminal" and vice versa. *Id.*

In order to determine whether a civil punishment constitutes Double Jeopardy we must look at the "Two Part Test" set out in *U.S. v. Usery*. First, the court should determine whether the government intended the proceedings under Army Regulation 190-5 to be criminal or civil. Second, if the government intended the proceedings to be civil, the court should determine whether the sanction is so punitive in form and defect as to negate that intent. *U.S. v. Imngren,* 98 F.3d 811, 815 (1996).

> In *Imngren* is was determined that it is misleading to compare a one-year suspension of driving privileges on all federal lands under the special maritime and territorial jurisdiction of the United States to a 90-day suspension on all state highways. Such a comparison ignores the fact that the territorial scope of a state suspension is much broader than the territorial scope of Army Regulation 190-5 and 18 U.S.C.A. § 3118(b). In fact, despite their suspensions, Imngren and Johnson may still drive on most of the roads in the United States. This would not be the case had the state suspended their license. *Imngren, supra* at 816.

In applying the "Two Part Test" in Usery to the defendant's case, we first need to determine whether the conviction at Camp Lejeune Traffic Court is determined to be a criminal conviction or a civil conviction. The Defendant's driving privileges were not only

17

suspended on all Federal Military bases for 30 months, in addition the Military Traffic Court notified the North Carolina Division of Motor Vehicles of this conviction. The North Carolina Division of Motor Vehicles then suspended the Defendant's North Carolina driving privileges pursuant to N.C. Gen. Stat., 20-138.1. Therefore, it would appear the Government intended the conviction to be criminal in nature not civil.

The second prong of the *Usery Test* is if the Government intended the proceedings to be civil, the court should determine whether the sanction is so punitive in form and effect as to negate that intent. In this case, the defendant received a 30-month suspension of driving privileges on all federal lands and territorial jurisdiction of the United States. In addition, the defendant also received a one-year suspension of driving privileges on all North Carolina roads and highways. Therefore, as referenced in *dicta* in *Imngren* this case is so punitive in nature to negate the intent of the proceedings being civil in nature because the territorial scope of the state suspension is much broader than that of the Army Regulation 190-5 and 18 U.S.C.A. §3118(b).

18

## IV. Conclusion

Defendant's Motion to Dismiss should be granted based upon the Defendant's previous adjudication in Military Court, Camp Lejeune, North Carolina, on the charges of Driving While Impaired, Careless and Reckless Driving, and Open Container. At hearing, the Defendant was determined to have been guilty of those charges in early morning hours of August 21, 2005 based upon the results of the chemical analysis. As a result, Defendant's driving privileges were suspended for thirty (30) months. Additionally, Camp Lejeune reported the offense to the North Carolina Division of Motor Vehicles who imposed a one-year suspension of the Defendant's driver's license.

Any further proceeding of this case in the United States District Court would violate the the Double Jeopardy clause protections against both subsequent prosecutions and cumulative punishments  The revocation of the Defendant's driving privileges is so punitive in nature, subjecting it to the requirements of the Fifth Amendment to the United States Constituion.

CERTIFICATE OF SERVICE

I, A. Griffin Anderson , hereby certify that a copy of the foregoing was served upon:

Captain Rick Congdon
Special Assistant United States Attorney
Criminal Division

By electronically filing the foregoing with the Clerk of Court on the 10th day of November, 2006 using the CM/ECF System which will send notification of such filing to the above.

This the 10th day of November, 2006.

A.Griffin Anderson
NC State Bar No. 22982
21 N. Front St., Suite 204
Wilmington, NC 28401
Phone 910.815.0555
Fax 910.763.6600

CERTIFICATE OF SERVICE

I, A. Griffin Anderson, hereby certify that a copy of the foregoing was served upon:

Captain Rick Congdon
Special Assistant United States Attorney
Criminal Division

By electronically filing the foregoing with the Clerk of Court on the 10th day of November, 2006 using the CM/ECF System which will send notification of such filing to the above.

This the 10th day of November, 2006.

_____
A. Griffin Anderson
NC State Bar No. 22982
21 N. Front St., Suite 204
Wilmington, NC 28401
Phone 910.815.0555
Fax 910.763.6600